IN THE UNITED SATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| JOSE ADALBERTO NEGRETE, JR. | § | |
| | § | CIVIL ACTION NO.:_____ |
| v. | § | JURY REQUESTED |
| | § | |
| CITY OF PHARR, TEXAS | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE U.S. DISTRICT COURT JUDGE:**

COMES NOW, Plaintiff **JOSE ADALBERTO NEGRETE, JR.** and files this his Original Complaint against Defendant the City of Pharr, Texas, and respectfully brings his causes of action before this court.

### I. INTRODUCTION

1. This is an action for Constitutional Violations and state law personal injuries by Plaintiff as a result of the unreasonable search and seizure, use of excessive force and personal injury of **JOSE ADALBERTO NEGRETE, JR.** Plaintiff brings this action for compensatory damages under 42 U.S.C. § 1983 because Defendant deprived Mr. Negrate of her federally-protected right to be free from unreasonable seizure and unreasonable force. U.S. CONST. amends. IV, XIV.

2. As a direct result of the policies, practices, customs and procedures of the City of Pharr ("City"), Mr. Negrate was intentionally deprived of his constitutional right to be free from unreasonable searches and seizures guaranteed to her by the Fourth Amendment to the United States Constitution. Defendant, by and through an unknown police officer(s) acting in the course and scope of their employment with the City of Pharr, and acting under color of state law, unjustifiably used excessive force and caused

personal injuries to Mr. Negrate under circumstances where no reasonable police officer would have done so.  Under long established law on excessive force, Defendant's police officer(s) are not entitled to qualified or other immunity for these actions.

## II.   JURISDICTION AND VENUE

3.   This action is brought pursuant to 42 U.S.C. § 1983 and § 1988 and the Fourth Amendment to the United States Constitution, made applicable to Defendants through the Fourteenth Amended to the United States Constitution.  This court has jurisdiction over the Plaintiff's claim under 28 U.S.C. § 1331 (federal question) and under 28 U.S.C. § 1343(3) (civil rights).  This court has further jurisdiction over Plaintiff state law claims under 28 U.S.C. § 1367 (supplemental jurisdiction) as those claims form part of the same case or controversy under Article III of the United States Constitution.

4.   Venue lies in the U.S. Southern District of Texas, the district in which the claim arose, pursuant to 28 U.S.C. § 1391(b).

## III.   PARTIES

5.   Plaintiff Jose Adalberto Negrete, Jr. is a natural person who resides in Pharr, Hidalgo County, Texas.

6.   Defendant City of Pharr (the City) is a municipal corporation operating pursuant to the Constitution and the laws of the State of Texas within the U.S. Southern District of Texas.  The City of Pharr may be served with process through the City Manager, Andy Harvey, Jr., 118 S. Cage, Pharr, Texas 78577.

## IV.   FACTS

7.   The events that make the basis of this suit occurred on or about August 13, 2020.  On said date, Mr. Negrete was at his home located at 25 N. Fir, Pharr, Hidalgo

County, Texas. Mr. Negrete suffers from mental health issues. The Defendant's unknown police officer(s) on duty that morning were called out to the Plaintiff's residence due to a minor disturbance. Upon arrival, as the unknown officer approached the front door of the residence, several shots were fired into the residence. As a result, Plaintiff was shot by Defendant's police officer(s) causing serious bodily injuries to the Plaintiff.

8. At all times material hereto, Defendant's police officer(s) was acting within the course and scope of their employment with the City. At all material times, the Defendant's police officer(s) was an actor under color of state law.

9. Defendant's police officer(s) violently shot Mr. Negrete thereby violating the rights guaranteed to him under the Fourth and Fourteenth Amendments of the United States Constitution.

10. Defendant's police officer(s) acted intentionally, wantonly, maliciously, and/or with deliberate indifference to the civil rights of the Plaintiff. At the time Defendant's police officer(s) intentionally shot Mr. Negrete, he did not pose a significant threat of death or serious physical injury to Defendant's police officer(s) or anyone else.

11. Defendant proximately caused Mr. Negrete to suffer physical harm, mental anguish, emotional distress, pain and suffering, and loss of future earnings.

12. All of the acts and omissions complained of herein were objectively unreasonable because of the surrounding circumstances as well as the clearly established law in effect at the time of the Defendant's actions and/or omissions. Additionally, all of the acts and/or omissions of the Defendant were wanton, malicious, and done in conscious disregard of, and with deliberate indifference to, the rights and needs of Plaintiff rendering appropriate the award of punitive damages.

## V.     CAUSES OF ACTION

Plaintiff incorporates all of the aforementioned Facts in numeral V.

13.     Defendant City of Pharr has a policy and/or custom of condoning and authorizing the use of excessive force/deadly force against suspects and/or individuals either in custody or not.  The City of Pharr, acting with deliberate indifference toward Mr. Negrete and to the rights of persons whom the police would come into contact with, failed to adequately select, screen educate, train, supervise, or otherwise direct the officers of the Pharr Police Department and thus caused the violation of Plaintiff's Fourth Amendment rights.  Defendant City of Pharr had actual or constructive knowledge of this persistent, widespread practice of excessive force thus knowledge that the violation would most likely occur.

14.     The City of Pharr did not overtly personally participate in the aforementioned offensive acts; however, Defendant is liable, as a policy maker, because they permit the systematic maladministration of the law.  Defendant's Police Department have had other instances in which excessive force is alleged against his officers which clearly demonstrates a pattern of such behavior.  Defendant was deliberately indifferent concerning the training and supervision of the aforementioned officer in that he failed to adequately screen supervise and train the Defendant's officer and there is a causal connection between these violations and Plaintiff's allegation of excessive force and Defendant's police officer(s) aforementioned failures amount to deliberate indifference to Plaintiff's constitutional rights.  The screening, supervision and training mechanisms utilized by the Pharr Police Department are deficient and the City of Pharr knew or should

have known of the deficiencies and patterns and he failed to reasonably address the deficiencies.

15.     The aforementioned facts amount to an unreasonable seizure and wrongful use of excessive force when Defendant's police officer(s) violently shot Mr. Negrete in violation of rights guaranteed to him by the Fourth and Fourteenth Amendments to the United States Constitution.  These causes of action are constitutional torts as labeled by numerous federal courts and thus are actionable under 42 USC § 1983.

16.     Defendant is liable to Plaintiff for compensatory damages and statutory attorney's fees.  In addition, Defendant is liable for punitive damages.

## VI.     ATTORNEY'S FEES

17.     Plaintiff is entitled to recover attorney's fees and costs as required by the Civil Rights Attorney's Fees Award Act of 1976.49 U.S.C. § 1988.  Plaintiff thereby request that the Court and jury award their attorney's fees and expenses.

## VII.     JURY DEMAND

Plaintiff respectfully demand a jury trial pursuant to FED.R.CIV. P.8(b).

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that the Defendant be cited to appear and answer herein, and that Plaintiff have judgment against Defendants for actual damages above the jurisdictional minimum of the Court; exemplary damages; pre-judgment interest; post-judgment interest, costs of court, attorney's fees and expenses and all other relief to which Plaintiff is justly entitled, at law or in equity.

Respectfully submitted,

Law Office of Dennis Ramirez, PLLC
111 N. 17th Street, Suite D
Donna, Texas 78537
Telephone: (956) 461-2890
Facsimile: (956) 287-3245
Email: dramirezlaw@gmail.com

*/s/ Dennis Ramirez*
DENNIS RAMIREZ
State Bar No. 24037327
Fed. ID No. 27204

Attorney for Plaintiff
JOSE ADALBERTO NEGRETE, JR.